### TODD & AL, vs. ANDREWS.

APPEAL from the court of the fifth district.

3NS 25
125 679

No appeal lies from an order to transfer a cause.

PORTER, J. delivered the opinion of the court. This appeal has been taken from an order of the judge of the district court, transferring this case to a neighboring district, in consequence of his standing in such relation to the plaintiff, as forbids him sitting in the cause.

It has been more than once decided in this court, and that after much deliberation, that the transferring a cause from one district to another, for trial, was not such an irreparable injury as authorised an appeal. The court has uniformly acted on the idea, that mere delay was not a grievance, which required the

interference of this tribunal. 3 *Martin*, 171, 9 *id.* 492, 10 *id.* 443, 11 *id.* 268.

The appellant however conceives that his case can be distinguished from those in point of fact, or if not in fact, that at least there is an important consideration of law, which has escaped the attention of counsel and the court, in the previous discussions of this subject.

He insists that if his cause has been transferred, when by law it should not, the judge of the neighbouring district can have no cognizance of it; and hence he concludes that the injury is irreparable to him, and the court should at once correct it.

In point of fact, all the other cases decided in this court on this point, presented the same feature as this: that is, it was contended they were *illegally* removed.

The point of law now raised, was not discussed in them; because the first question to be decided in all these cases is, whether the decision be such as will authorise an appeal. Unless it is found of that description, the merits of the decision cannot be gone into. The general rule on this subject is, that wherever the party can be relieved on a final judgment, the grievance is not such an irreparable one as requires

the aid of this court at an earlier period. It is certain, that the error complained of here, (if it be one,) can be relieved after final judgment; and we are clear there is nothing to authorise us to interfere, at the present stage of the proceedings.

It is therefore ordered, adjudged and decreed, that the appeal be dismissed with costs.

*Todd*, in *propria persona*, *Lesassier* for the defendant.